# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Menge Carine Avande, | No. CV-26-02200-PHX-RM (CDB) |
| Petitioner, | **ORDER** |
| v. | |
| Eric Rokosky, et al., | |
| Respondents. | |

Petitioner filed this action under 28 U.S.C. § 2241, challenging her prolonged detention under *Zadvydas v. Davis*, 533 U.S. 678 (2001) and challenging her potential removal to a third country without notice. (Doc. 1 at 10.) The Court directed Respondents to answer the Petition. (Doc. 3.)

Respondents filed their response, arguing that while Petitioner has been detained for over four months after her order of removal became final, "ICE has been diligently attempting to execute the removal order since its issuance and continues to identify countries to approach for third party removal." (Doc. 10 at 3.) Thereafter, counsel appeared on Petitioner's behalf and sought an extension of time to file a reply. (Doc. 13.)

On May 12, 2026, Petitioner filed a Motion for Temporary Restraining Order, requesting the Court enjoin Respondents from removing her to a third country without first providing written notice and a meaningful opportunity to challenge the removal. (Doc. 20.)[1] But Petitioner does not allege that Respondents have identified a third country that

---

[1] Petitioner also asks the Court to enjoin Respondents from transferring her out of this jurisdiction while her habeas petition is pending, arguing that such a transfer could interfere

has accepted Petitioner or that her removal to a third country is imminent.  The Court, in its discretion, will therefore deny the motion for a temporary restraining order because Petitioner has not shown she is likely to suffer immediate and irreparable injury without an injunction.  *See* Fed. R. Civ. P. 65(b)(1).  However, to obviate the issue Petitioner raises, the Court will require Respondents to advise the Court at least three business days in advance of any intended removal of Petitioner from the United States.

**IT IS THEREFORE ORDERED** Petitioner's Motion for Temporary Restraining Order (Doc. 20) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that, if Respondents intend to remove Petitioner from the United States, Respondents must advise the Court at least **three (3) business days** in advance of the intended removal.

Dated this 14th day of May, 2026.

_____
Honorable Rosemary Márquez
United States District Judge

---

with her access to counsel and potentially prejudice her ability to successfully litigate this case.  (Doc. 20 at 7.)  Petitioner has not shown that her transfer is imminent, and her argument is too speculative to warrant issuance of a temporary restraining order at this time.  Furthermore, a transfer would not affect this Court's jurisdiction.  *See Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990) ("jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change").

- 2 -